COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-381-CV

 

 

BRADY HICKS, JR.                                                              APPELLANT

 

                                                   V.

 

TARRANT COUNTY SHERIFF=S                                               APPELLEES 

DEPARTMENT, SHERIFF DEE 

ANDERSON, DEPUTY/JAILER
LINGLE, 

DEPUTY/JAILER J. GARCIA,
AND 

DEPUTY/JAILER PARKER

 

                                              ------------

 

           FROM THE 153RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Brady Hicks, Jr. is attempting to
appeal the trial court's order dismissing defendant Sheriff Dee Anderson from
the underlying lawsuit pursuant to Texas Tort Claims Act section
101.106(e).  See Tex. Civ. Prac. & Rem. Code Ann. '
101.106(e) (Vernon 2005).  Because this
order is not an appealable interlocutory order, we will dismiss the appeal for
want of jurisdiction.

On November 3, 2005, we notified Hicks of our
concern that this court lacked jurisdiction over the appeal because the
dismissal order does not dispose of all parties and issues in the case and does
not appear to be a final, appealable interlocutory order.  See id. ' 51.014 (Vernon Supp. 2005);
Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 192‑93 (Tex.
2001).  Additionally, we informed Hicks
that the trial court had confirmed that no severance order had been signed
severing his claims against Sheriff Dee Anderson from his claims against the
other defendants.  We also informed Hicks
that the appeal was subject to dismissal unless he or any party desiring to
continue the appeal filed a response with this court showing grounds for
continuing the appeal.  See Tex. R. App. P. 42.3(a).  We received a response from Hicks stating
that he desired for his appeal to continue, but he failed to show any grounds
for continuing the appeal. 

Because the dismissal order is not a final
judgment or an appealable interlocutory order, we dismiss this appeal for want
of jurisdiction.  See Tex. R. App. P. 42.3(a); 43.2(f).

 

PER
CURIAM

 

PANEL D:   WALKER, J.; CAYCE, C.J.; and MCCOY, J.

 

DELIVERED: December 1,
2005











[1]See Tex. R. App. P. 47.4.